# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Devin Lampkin,

    Petitioner

v.

High Desert State Prison, et al.,

    Respondents

Case No.: 2:23-cv-001997-JAD-EJY

**Order Granting Motion
for Appointment of Counsel**

[ECF No. 2]

    *Pro se* Petitioner Devin Lampkin filed this 28 U.S.C. § 2254 petition for writ of habeas corpus,[1] challenging his 2020 judgment of conviction after a guilty plea on seven counts of robbery with use of a deadly weapon, one count of burglary with use of a deadly weapon, and conspiracy to commit robbery. Lampkin also moves for appointment of counsel.[2] I find that the appointment of counsel is in the interests of justice, so **I provisionally appoint the Federal Public Defender to represent Lampkin in this case**.

## Discussion

    Lampkin is currently serving a lengthy aggregate sentence term of 10 to 51 years. His petition raises relatively complex issues, including numerous claims of ineffective assistance of counsel and allegations that Lampkin did not have a fair trial. In addition, Lampkin has extensive learning disabilities, as shown at sentencing in state court, and a demonstrated inability to articulate all claims available to him. Lampkin is also financially eligible for appointment of counsel.[3] Although he has paid the filing fee, he lacks the funds to afford counsel.[4]

---

[1] ECF No. 1-1.
[2] ECF No. 2.
[3] 18 U.S.C. § 3006A.
[4] ECF No. 2.

**IT IS THEREFORE ORDERED** that:

1. Petitioner's Motion for Appointment of Counsel **[ECF No. 2] is GRANTED.**

2. **The Federal Public Defender is provisionally appointed as counsel and has until May 2, 2024, to undertake direct representation of petitioner or to indicate the office's inability to represent him in these proceedings.** If the Federal Public Defender is unable to represent the petitioner, the court will appoint alternate counsel. The attorney appointed will represent the petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition or seeking other relief will be set after counsel has entered an appearance. I anticipate setting the deadline for approximately 90 days from entry of the formal order of appointment.

3. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely.[5]

4. **The Clerk of Court is directed to ADD** Aaron D. Ford, Attorney General of the State of Nevada, as counsel for respondents, and provide Respondents an electronic copy of all items previously filed in this case by regenerating the notice of electronic filing to the Office of the AG only. **Respondents' counsel must enter a notice of**

---

[5] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

**appearance within 21 days of entry of this order**, but no further response will be required from respondents until further order of the court.

5. **The Clerk of Court is further directed to SEND** a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division, and **PROVIDE** the Federal Public Defender with copies of all prior filings in this case by regenerating notices of electronic filing.

_____
U.S. District Judge Jennifer A. Dorsey
April 2, 2024