UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Devin Lampkin,<br><br>　　　Petitioner<br><br>v.<br><br>High Desert State Prison, et al.,<br><br>　　　Respondents | Case No.: 2:23-cv-001997-JAD-EJY<br><br>**Order Granting Petitioner's Motion for Leave to File Second Amended Petition and Motion for Leave to File Exhibits Under Seal**<br><br>[ECF Nos. 18, 20] |

  Petitioner Devin Lampkin filed a counsel first amended § 2254 habeas petition based on his calculations for filing a timely petition under the Antiterrorism and Effective Death Penalty Act.[1] Lampkin now moves for leave to file a second amended petition[2] and asks to file exhibits under seal.[3] I grant both requests.

## Discussion

**A. Motion for Leave to File a Second Amended Petition**

  Lampkin requests leave to file a second amended petition so that he can continue to investigate his case, including locating and interviewing witnesses.[4] He further requests that I waive the requirement of LR 15-1(a), which generally requires a party to attach the proposed amended pleading to a motion seeking leave to amend, explaining that he does not yet know the outcome of his completed investigation.[5] His motion essentially seeks to pursue a "two-step" procedure whereby Lampkin (a) files an initial counseled amended petition preserving all then-

---

[1] ECF No. 16.
[2] ECF No. 20.
[3] ECF No. 18.
[4] *Id.* at 3.
[5] *Id.* at 4.

known claims potentially free of possible relation-back or timing issues and (b) thereafter potentially files a second amended petition after federal habeas counsel has had a full opportunity to independently investigate all potential claims. Respondents oppose amendment because Lampkin failed to file a proposed amended pleading in compliance with Local Rule 15-1(a), Lampkin has had ample time to investigate and locate witnesses because his petition has been pending for almost a year, and any proposed amendment is futile because this court cannot consider new evidence.[6]

I find good cause to grant Lampkin's motion for leave to file a second amended petition and I waive the requirement of LR 15-1(a). Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with the court's leave, and "[t]he court should freely give leave when justice so requires." This order does not, however, affect, in any manner, the operation of the statute of limitations in this case, and I do not intend this order to convey any opinion whatsoever about when the limitations period expires (or expired). I similarly do not intend this order to convey any opinion whatsoever whether I may consider any evidence that was not developed during the state court proceedings.[7]

**B.    Motion for Leave to File Exhibits Under Seal**

Lampkin moves for leave to file exhibits under seal.[8] Unless a particular court record is one "traditionally kept secret," there is a strong presumption in favor of access" to the record.[9] Parties seeking to seal a judicial record must overcome this presumption by "articulat[ing] compelling reasons supported by specific factual findings," that outweigh the traditional right of

---

[6] ECF No. 21 at 2 (citing *Shinn v. Ramirez*, 596 U.S. 366 (2022).

[7] Consideration of new evidence may be subject to 28 U.S.C. § 2254(e)(2)).

[8] ECF Nos. 18, 19.

[9] *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

public access to each document they seek to seal.[10]  In general, compelling reasons for sealing exist when court records might become a vehicle for improper purposes, such as "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."[11]

Exhibits 2 and 3 contain Lampkin's medical records.[12]  The need to protect medical privacy generally qualifies as a compelling reason for sealing records submitted with a dispositive motion, and I find that a compelling need to protect Lampkin's medical privacy outweighs the public interest in open access to the court records contained in Exhibits 2 and 3.

**Conclusion**

IT IS THEREFORE ORDERED that Lampkin's motion for leave to file a second amended petition **[ECF No. 20] is GRANTED.**  Lampkin has **until January 6, 2025, to file his second amended petition.**  In all other respects, the provisions of the scheduling order[13] entered following appointment of counsel will remain in effect.

IT IS FURTHER ORDERED that Lampkin's motion for leave to file exhibits under seal **[ECF No. 18] is GRANTED**; the Clerk of Court is directed to **maintain the seal** on exhibits 2 and 3 [filed at ECF Nos. 19-1 and 19-2].

_____
U.S. District Judge Jennifer A. Dorsey
December 3, 2024

---

[10] *Id.*

[11] *Demaree v. Pedersen*, 887 F.3d 870, 884 (9th Cir. 2018) (quoting *Kamakana*, 447 F.3d at 1179).

[12] ECF Nos. 19-1; 19-2.

[13] ECF No. 12.