**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Devin Lampkin,

Petitioner

v.

High Desert State Prison, et al.,

Respondents

Case No.: 2:23-cv-001997-JAD-EJY

**Order Granting in Part and Denying in Part Motion to Dismiss; Granting Motion to Seal; and Giving Petitioner until September 14, 2026, to Notify the Court How He Will Proceed with this Mixed Petition**

[ECF Nos. 43, 46]

Petitioner Devin Lampkin brings this habeas action under 28 U.S.C. § 2254[1] to challenge his 2020 state-court conviction for robbery, burglary, and conspiracy. Respondents move to dismiss Lampkin's counseled, second amended petition as untimely, not cognizable in federal habeas, and unexhausted.[2] Because I find that Ground 3 is unexhausted, I grant the motion as to that claim. But I deny the respondents' remaining exhaustion, timeliness, and cognizability arguments and defer consideration of whether Lampkin overcomes the procedural default on Grounds 7 and 8 until the merits determination. And because this is a mixed petition, I order Lampkin to notify the court by September 14, 2026, whether he will abandon Ground 3 and proceed with his remaining grounds, dismiss the entire petition without prejudice and return to court to exhaust Ground 3, or file a motion for stay and abeyance.

[1] ECF No. 35.

[2] ECF No. 46.

## Background

In November 2018, Lampkin and three co-defendants robbed a Verizon Wireless store in Las Vegas, Nevada.[3] Following a ten-day trial, a jury convicted Lampkin and a co-defendant of robbery and burglary with the use of a deadly weapon and conspiracy to commit robbery.[4] The state district court sentenced Lampkin to an aggregate term of 10 to 51 years.[5] The Nevada Court of Appeals affirmed his conviction.[6]

Lampkin filed a *pro se* motion for modification of his sentence in state district court, which was denied.[7] He then filed a counseled state habeas petition, which was denied after an evidentiary hearing,[8] and the Nevada Court of Appeals affirmed that denial.[9] Lampkin then filed a pro se federal habeas petition,[10] counsel was appointed, and he filed a first[11] and second amended (counseled) petition asserting eight claims for relief:

> **Ground 1**: Lampkin was denied his due-process rights under the Fifth and Fourteenth Amendments because the evidence at trial was insufficient to support the convictions.
>
> A. The State's evidence against Lampkin was extremely thin and does not amount to proof beyond a reasonable doubt.
>
> 1. Evidence of Lampkin's refusal to exit the apartment.
> 2. Lampkin's presence among known perpetrators.
> 3. Lampkin's height.

---

[3] ECF No. 40-5.

[4] ECF No. 40-43.

[5] ECF No. 41-7.

[6] ECF Nos. 41-18, 41-35.

[7] ECF Nos. 41-38, 42-1.

[8] ECF Nos. 41-50, 42-5, 42-6.

[9] ECF No. 42-21.

[10] ECF No. 1-1.

[11] ECF No. 16.

4. Clothing and instruments of offense.

B. The State presented insufficient evidence for Count 7 of the indictment.

**Ground 2**: Lampkin was denied his due-process rights under the Fifth and Fourteenth Amendments because the trial court improperly admitted two pieces of evidence at trial, resulting in a conviction based on unduly prejudice evidence.

A. Evidence of refusal to exit the apartment.

B. Clothing and instruments of offense (Detective Clark's opinion).

**Ground 3**: Lampkin was denied his due-process rights under the Fifth and Fourteenth Amendments when the trial court failed to grant a motion to dismiss made during trial.

**Ground 4:** Lampkin was denied his due-process rights under the Fifth and Fourteenth Amendments when the prosecution committed prosecutorial misconduct by improperly defining the reasonable doubt standard and arguing facts not in evidence.

A. The State improperly defined the reasonable doubt standard.

B. The State referred to facts which were not in evidence.

**Ground 5**: Lampkin was denied his due-process rights under the Fifth and Fourteenth Amendments because of the cumulative effect of the trial court errors.

**Ground 6**: Lampkin's trial attorney provided ineffective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights.

A. Lampkin's attorney failed to object or introduce evidence of the misidentification of Lampkin as the perpetrator.

B. Lampkin's attorney failed to object or introduce evidence showing Lampkin's inability to perform certain acts allegedly identifying him as the perpetrator.

**Ground 7**: Lampkin's trial attorney provided ineffective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights.

A. Trial counsel failed to request the district court to construe a motion to dismiss Count 7 from the amended indictment as either a motion for an advisory instruction of acquittal, or as a request for judgment of acquittal upon a conviction. NRS 175.381.

> B. Trial counsel failed to object when the prosecution referred to facts not in evidence during closing statement.
>
> C. Trial counsel failed to interview Phillip George.
>
> **Ground 8**: Lampkin's conviction and sentence are invalid under the Federal Constitutional guarantees of due process of law, equal protection, freedom from cruel and unusual punishment, the right to the effective assistance of counsel, the right to trial by a fair and impartial jury, and the right to trial by a fair and impartial tribunal because he is actually innocent of the crimes he was convicted of. U.S. Const. Amends. V, Vi, VIII and XIV.[12]

Respondents move to dismiss Grounds 1(B), 6(A), 7(C), and 8 as untimely, Grounds 1(B), 3, 7, and 8 as unexhausted, and Grounds 3, 5, and 8 as not cognizable on federal habeas review.[13] They also argue that Lampkin failed to develop the factual basis for Grounds 6(A), 7(C), and 8.[14]

## Discussion

### I. Relation Back

A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading.[15] Habeas claims in an amended habeas petition do not arise out of the same conduct, transaction or occurrence as claims in the original petition merely because the claims all challenge the same trial, conviction, or sentence.[16] Rather, a habeas claim asserted in an amended petition relates

[12] ECF No. 35.

[13] ECF No. 46.

[14] *Id.*

[15] *Mayle v. Felix*, 545 U.S. 644, 659 (2005).

[16] *Id.* at 655–64.

back "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes."[17] In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims."[18] A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely.[19]

**A. Ground 1(B) is timely.**

In Ground 1(B) of his second amended petition, Lampkin alleges that the State presented insufficient evidence for Count 7, a robbery charge, of the indictment.[20] In Ground 5 of the timely first amended petition, Lampkin alleged that the trial court failed to grant a motion to dismiss on the basis that there was a lack of testimony as to a witness's fear or apprehension of bodily injury as a component of the robbery charge.[21] Respondents argue that Ground 1(B) does not relate back because the facts of Ground 5 focus on the trial court's analysis of the motion to dismiss at trial.

I find that Ground 1(B) of the second amended petition relates back to Ground 5 of the first amended petition. Both claims allege that there was insufficient evidence presented for the

---

[17] *Id*. at 657.

[18] *Id*. at 659.

[19] *Id*. at 659 n.5; *see also Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

[20] ECF No. 35 at 12.

[21] ECF No. 16 at 28.

robbery conviction. Ground 1(B) merely "expands or modifies the facts alleged in the earlier pleading…"[22] and I, therefore, find that Ground 1(B) is timely.

**B. Ground 6(A) is timely.**

In Ground 6(A) of the second amended petition, Lampkin alleges that his attorney failed to investigate the State's allegation that an identification card belonging to woman was found in Lampkin's pocket, indicating a change of clothes after the robbery.[23] He cites to a 2025 typed declaration from co-defendant, Phillip George, who stated that the same identification card was in his wallet when he was taken into custody.[24] In Ground 8 of the first amended petition, Lampkin alleges an ineffective-assistance-of-counsel claim asserting that an investigation would have shown that an identification card belonging to a woman was not found on Lampkin.[25] Lampkin also attached to his first amended petition a 2023 handwritten declaration from George stating that the same identification card was in his wallet when he was taken into custody.[26]

I find that Ground 6(A) is tied to the same core operative facts as alleged in Lampkin's timely-filed first amended petition. The common core of operative facts is that Lampkin's counsel rendered ineffective assistance for failure to investigate the State's allegation that a woman's identification card was found in Lampkin's pocket. Ground 6(A) is therefore timely.

---

[22] *Ross v. Williams*, 950 F.3d 1160, 1168 (9th Cir. 2020) (citing 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1497 (3d ed. 2019)) (internal brackets and quotation marks omitted).

[23] ECF No. 35 at 23.

[24] ECF No. 36-1.

[25] ECF No. 16 at 36.

[26] ECF No. 16-1.

**C. Grounds 7(C) and 8 are timely.**

In Ground 7(c) of the second amended petition, Lampkin alleges that counsel rendered ineffective assistance for failing to interview George.[27] In Ground 8, he alleges that "evidence has come to light to show [he] is innocent of the crimes he was convicted of."[28] Respondents argue that George's 2025 declaration attached to the second amended petition adds new factual statements causing Ground 7(c) and 8 to not relate back.

I find that Ground 7(C) and Ground 8 of the second amended petition relate back to claims alleged in the first amended petition. Relation back does not require that "the facts in the original and amended petitions be stated in the same level of detail."[29] The factual allegations are tied to the same core operative facts as alleged in Lampkin's timely first amended petition.

## II. Cognizability

**A. The court need not consider the cognizability argument for Ground 3.**

Respondents argue that Lampkin's claim that the trial court erred when it denied his oral motion to dismiss Count 7 is a non-cognizable state law claim. Because I address Ground 3 in relation to exhaustion below, I need not consider the respondents' cognizability arguments.[30]

**B. Ground 5 is cognizable on federal habeas review.**

In Ground 5, Lampkin raises a cumulative error claim.[31] Respondents assert that Ground 5 should be dismissed because cumulative-error claims are not cognizable on federal habeas

---

[27] ECF No. 35 at 29.

[28] ECF No. 35 at 29.

[29] *Ross*, 950 F.3d at 1168 n.4.

[30] *See Cooper v. Neven*, 641 F.3d 322, 327–28 (9th Cir. 2011) (stating that when a particular issue is dispositive, a district court "need not consider alternative reasons for dismissing the petition.").

[31] ECF No. 35 at 21–22.

review, citing decisions from other circuits.[32] They acknowledge that the Ninth Circuit Court of Appeals has recognized cumulative error habeas claims but assert that, "in the absence of Supreme Court precedent," this claim is not clearly established by federal law.[33] I am, however, bound by the Ninth Circuit's interpretation, and therefore find that Ground 5 is cognizable.[34]

**C. A cognizability determination on Ground 8 is deferred to merits review.**

Respondents argue that a freestanding actual-innocence claim is not cognizable on federal habeas review. Neither the United States Supreme Court nor the Ninth Circuit Court of Appeals has determined whether a freestanding claim of actual innocence is cognizable on federal habeas review.[35] As discussed in relation to procedural default below, I will defer consideration of the viability of Lampkin's actual-innocence claim until the merits of the claim are fully briefed.

---

[32] ECF No. 46 at 15.

[33] *Id*. at 16.

[34] *See Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) ("The Supreme Court has clearly established that the combined effect of multiple trial-court errors violates due process where it renders the resulting criminal trial fundamentally unfair.") (cleaned up) (quoting *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973)); *see also, e.g., Michaels v. Davis*, 51 F.4th 904, 935 (9th Cir. 2022) (analyzing cumulative-error claim on habeas review); *Noguera v. Davis*, 5 F.4th 1020, 1051 (9th Cir. 2021) (same).

[35] *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence"); *House v. Bell*, 547 U.S. 518, 554–55 (2006) (declining to resolve issue left open in *Herrera* regarding the availability of a hypothetical freestanding innocence claim); *Herrera v. Collins*, 506 U.S. 390, 417 (1993) (assuming without deciding that the execution of an innocent defendant would be unconstitutional); *accord id*. at 419 (O'Connor, J., concurring); *id*. at 429 (White, J., concurring); *see also Gimenez v. Ochoa*, 821 F.3d 1136, 1143 (9th Cir. 2016) (the United States Supreme Court has never recognized actual innocence as a constitutional error without an independent constitutional violation).

## III. Exhaustion

Because a habeas petitioner must give the state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, the federal court will not consider a state prisoner's petition for habeas relief until he has properly exhausted his available state remedies for all claims raised.[36] A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[37] To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[38] The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[39] The state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.[40] "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion,"[41] but citing to state case law that applies federal constitutional principles will suffice.[42]

---

[36] *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

[37] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

[38] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[39] *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).

[40] *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

[41] *Hiivala*, 195 F.3d at 1106.

[42] *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

The factual basis for a claim matters, too. A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based.[43] Exhaustion does not occur when the petitioner presents to the federal court facts or evidence that place the claim in a significantly different posture than it was in the state courts, or when different facts are presented at the federal level to support the same theory.[44]

**A. Ground 1(B) is exhausted.**

Respondents contend that Lampkin did not raise a sufficiency of the evidence claim regarding Count 7 on direct appeal, but instead he alleged that the trial court failed to grant the motion to dismiss Count 7 during trial. They assert that the claims stem from different legal theories and, therefore, Ground 1(B) is unexhausted. I find that Lampkin fairly presented the allegation that there was insufficient evidence to establish Count 7 on direct appeal. Accordingly, Ground 1(B) is exhausted.

**B. Ground 3 is unexhausted.**

In Ground 3, Lampkin alleges that he was denied his due-process rights under the Fifth and Fourteenth Amendments because the trial court erred in denying the oral motion to dismiss Count 7 from the amended indictment.[45] Respondents argue that Ground 3 is unexhausted because Lampkin did not federalize this claim in state court. In Ground D of his opening brief on direct appeal, Lampkin argued that the evidence was insufficient to convict Lampkin on

---

[43] *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

[44] *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

[45] ECF No. 35 at 12.

Count 7 without the victim witness's testimony.[46] Lampkin asserts that in his opening brief he referenced Ground A, an earlier sufficiency of the evidence claim that was federalized, when he argued that, "[a]s a result, aside from the earlier argument about the sufficiency of the evidence, Lampkin also suggests his conviction on Count 7 must be reversed because the evidence presented was legally insufficient on the required elements of robbery."[47]

Although he referenced a separate sufficiency-of-the-evidence claim, Lampkin's argument that the trial court erred in denying the oral motion to dismiss Count 7 before the state appellate court relied entirely on state law. The Ninth Circuit has specifically rejected the notion that making a cursory reference to vague concepts like due process or the right to a fair trial, then discussing state law in detail, is sufficient to exhaust a claim.[48] So Ground 3 is unexhausted.

**C. Lampkin must choose one of three ways to proceed from here.**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition.[49] A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.[50] Because Lampkin's petition is a mixed one, he must now choose one of three paths forward and advise the court how he will proceed. He can (1) submit a sworn declaration voluntarily

---

[46] ECF No. 41-18 at 50.

[47] *Id.*

[48] *See Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005) ("Petitioner's briefing to the state court mentioned the 'federal Constitution' twice, and 'due process' once, but discussed an applicable provision of the state constitution throughout the remainder of the argument. Petitioner's mere mention of the federal Constitution as a whole, without specifying an applicable provision, or an underlying federal legal theory, does not suffice to exhaust the federal claim.")

[49] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[50] *Id.*

abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims; (2) return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or (3) file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims. Lampkin is cautioned that a stay and abeyance (option 3) is available only in limited circumstances and only if he shows good cause for his failure to first exhaust his unexhausted claims in state court and that those claims are not plainly meritless.[51] Respondents would then have a chance to respond to his motion. **If Lampkin fails to choose one of these three options or seek other appropriate relief by September 14, 2026, his federal habeas petition will be dismissed** without prejudice as a mixed petition.

### D. Ground 7 is procedurally defaulted, but the court defers until the merits analysis whether Lampkin can overcome that default.

In Ground 7, Lampkin alleges that his counsel rendered ineffective assistance, including specific subclaims. Respondents argue that Ground 7 is procedurally defaulted. Lampkin does not dispute that the claims are procedurally defaulted. He counters, however, that the defaults can be excused under *Martinez v. Ryan*.[51]

*Martinez* "forge[d] a new path for habeas counsel to use ineffectiveness of state [postconviction relief] counsel as a way to overcome procedural default in federal habeas proceedings."[52] It created a narrow exception to the general rule that errors of postconviction counsel cannot provide cause for a procedural default.[53] But the *Martinez* exception applies only

---

[51] *Martinez v. Ryan*, 566 U.S. 1 (2012).

[52] *Lopez v. Ryan*, 678 F.3d 1131, 1133 (9th Cir. 2012).

[53] *See Martinez,* 566 U.S. at 16–17.

to substantial claims of ineffective assistance of trial counsel; it cannot supply cause to excuse the procedural default of a substantive claim of trial-court error[54] or ineffective assistance of appellate counsel.[55] A petitioner must demonstrate that (1) the claim of ineffective assistance of trial counsel is substantial; (2) ineffective assistance of post-conviction counsel (or lack of counsel) is the cause of the default; (3) the postconviction proceedings were the initial review proceedings for the ineffective assistance of trial counsel claim; and (4) state law requires, or practically requires, that the claim be raised in the initial postconviction proceedings.[56]

I find that a cause-and-prejudice analysis under *Martinez* for Lampkin's unexhausted claims in Ground 7 is appropriate here, but judicial economy and fairness counsels that I wait to resolve it until after the parties have answered and replied, addressing the claims on their merits. That way, the court will have the benefit of analyzing all of Lampkin's claims against a fully developed factual and legal backdrop.[57]

**E. Ground 8 is procedurally defaulted, but the court defers until the merits analysis whether Lampkin can overcome that default.**

Lampkin alleges actual innocence in Ground 8, and the respondents argue that this claim is procedurally defaulted. Lampkin asserts that he can overcome the procedural default on Ground 8 by showing he is actually innocent under *Schlup v. Delo*.[58] Similar to Ground 7, I find

---

[54] *See id.*

[55] *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

[56] *Trevino v. Thaler*, 569 U.S. 413, 423 (2013).

[57] I emphasize that the court takes this action on the premise that Lampkin has a potentially viable argument for cause and prejudice based on *Martinez*—and only *Martinez.* If Lampkin offers other cause-and-prejudice arguments, then I will return to a procedural posture where the next step instead is dictated by *Rose v. Lundy*, 455 U.S. 509 (1982), and its progeny.

[58] *Schlup v. Delo*, 513 U.S. 298 (1995).

that the consideration of the viability of Lampkin's actual innocence claim should be deferred until the merits of the claim are fully briefed. I will then determine cognizability and address the merits of the claim.

## IV. The court cannot consider evidence beyond the state-court record.

Respondents argue that the court should not consider Phillip George's 2025 declaration in deciding the merits of Grounds 6(A), 7(C), and 8 because the declaration was not properly developed in state court in accordance with *Shinn v. Ramirez*.[59] Generally, the merits of claims raised in a federal habeas corpus petition are decided on the record that was before the state court when it adjudicated the claim.[60] AEDPA restricts a federal habeas court's authorization to hold an evidentiary hearing in a case in which an applicant failed to develop a factual basis for a claim in state-court proceedings:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.[61]

---

[59] *Shinn v. Ramirez*, 596 U.S. 366, 378 (2022).

[60] *See Cullen v. Pinholster*, 563 U.S. 170, 180–81 (2011).

[61] 28 U.S.C. § 2254(e)(2)(A)–(B).

The Supreme Court has held that although § 2254(e)(2) refers only to evidentiary hearings, its provisions apply to a federal habeas court's consideration of evidence.[62]

Lampkin argues that George's 2025 declaration should be considered as part of the state-court record because it contains the same information as George's 2023 declaration that was presented to the Nevada Court of Appeals. In the alternative, Lampkin argues that § 2254(e)(2) does not bar consideration of the declaration because he was not at fault for failing to develop the state court record. Respondents assert that the 2025 declaration contains new facts not asserted in the 2023 declaration and that Lampkin fails to demonstrate that he could not have developed factual statements made in the 2025 declaration during his state postconviction proceedings.

In *Shinn*, the United States Supreme Court held that because there is no constitutional right to counsel in state post-conviction proceedings, a prisoner is at fault for failing to develop the factual basis of a claim in state-court proceedings for purposes of § 2254(e)(2), even if the failure resulted from the negligence of post-conviction counsel.[63] Relying on *Shinn*, the Ninth Circuit held in *McLaughlin v. Oliver* that the negligence of McLaughlin's first post-conviction counsel in failing to develop the record in state court was attributable to McLaughlin and was a failure within the meaning of § 2254(e)(2), and therefore the restrictions of that section applied to him.[64] The Ninth Circuit concluded that it could not consider McLaughlin's new evidence or the augmented version of his trial-ineffective-assistance claim based on that evidence.[65]

---

[62] *See McLaughlin v. Oliver*, 95 F.4th 1239, 1248–49 (9th Cir. 2024) (acknowledging that *Shinn* "reaffirmed that [2254(e)(2)]'s restrictions not only apply to evidentiary hearings, but also apply "when a prisoner seeks relief based on new evidence *without* an evidentiary hearing").

[63] *See Shinn*, 596 U.S. at 371, 382–83.

[64] *McLaughlin v. Oliver*, 95 F.4th at 1249.

[65] *See id.* (quoting *Shinn*, 596 U.S. at 375–76).

I will not consider the 2025 declaration because I must conduct my analysis based on the same record that was before the state courts. In accordance with *Shinn* and *McLaughlin*, I find that Lampkin failed to establish the factual statements in the 2025 declaration, and he has not satisfied any of the § 2254(e)(2) narrow exceptions. So I will consider the record that was before the state court, which does not include the 2023 George declaration, when determining cause and prejudice under *Martinez* and the merits.

## V. Motion to Seal

Respondents seek leave to file under seal one exhibit within the index, Petitioner's Presentence Investigation Report ("PSI").[66] Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu*[67] and its progeny, I find that a compelling need to protect the petitioner's safety, privacy, and personal identifying information outweighs the public interest in open access to court records. Under Nevada law, the PSI is "confidential and must not be made a part of any public record."[68] So respondents' motion is granted, and Exhibit 45 is considered properly filed under seal.

## Conclusion

IT IS THEREFORE ORDERED that the motion to dismiss **[ECF No. 46] is GRANTED IN PART AND DENIED IN PART:** Ground 3 is dismissed as unexhausted; the motion is denied in all other respects. A decision on whether Grounds 7 and 8 are procedurally defaulted is deferred to the merits review. Respondents may reassert the procedural default argument with respect to those claims in their answer.

---

[66] Exhibit 45, ECF No. 44-1.

[67] *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

[68] Nev. Rev. Stat. § 176.156(5).

IT IS FURTHER ORDERED that **Lampkin has until September 14, 2026, to to do one of the following:**

(1) inform this court in a sworn declaration that he wishes to formally and forever **abandon the unexhausted ground** for relief in his federal habeas petition and proceed on the exhausted grounds;

(2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to **return to state court to exhaust** his unexhausted claims; **or**

(3) **file a motion for a stay** and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.

**If he does none of these things by that deadline, this case may be dismissed without further prior notice.**

IT IS FURTHER ORDERED that the respondents' motion to seal **[ECF No. 43] is GRANTED.** The Clerk of Court is directed to MAINTAIN THE SEAL on ECF No. 44.

U.S. District Judge Jennifer A. Dorsey
August 12, 2026